HARDY, Judge.
This is an action for the recovery of personal injury and property damages, and from judgment in favor of defendants rejecting plaintiff’s demands, he has appealed.
The record discloses no basis for any material dispute as to the established facts in connection with the occurrence of the accident. About or shortly after 11:30 p. m. on the dark, rainy night of October 13, 1959, plaintiff, Frankie Lee Carter, en route to his home in Bossier Parish after leaving his employment in Shreveport, was driving his car east on U. S. Highway 80, a highly traveled four-lane, divided highway, when he observed a car stuck in the mud of the neutral ground on the opposite side of the highway. Carter proceeded to drive east to the next cross-over, where he turned into the westbound traffic lane and continued to a point on the south shoulder of the westbound lanes in proximity to the vehicle that had been driven off of the highway and into the muddy neutral ground, from which it could not be extricated under its own power. Plaintiff made an effort to tie on to the disabled car with a length of chain, and, after encountering some difficulty, he *51 drove his car to the rear of the other vehicle parking at an angle in such manner that his automobile extended well into the southernmost westbound traffic lane of the highway. Before plaintiff could fasten the chain his car was struck violently on the left rear corner by a westbound car owned by Robert S. Adkins and driven by John Ben Peavy, who, with their insurers, were made defendants in this suit.
A short time prior to the collision Peavy was driving in the north or outside westbound lane from which he turned to the inside lane in order to pass a preceding vehicle which had signaled for a right turn. Peavy and Adkins observed the Carter car obstructing their lane of travel at a point variously estimated at some 45 to 100 feet, and Peavy immediately applied his brakes and unsuccessfully attempted to avoid the collision by turning to the right.
We have found no difficulty in reaching the conclusion that the record amply supports a finding of negligence on the part of plaintiff which was the proximate cause of the accident. Plaintiff flagrantly violated LRS 32:141, subd. C. prohibiting the parking of any vehicle on a highway without displaying signal lights adequate to warn approaching traffic. Considering the existing weather conditions and the angle of 45 degrees or more of plaintiff’s car as it extended into the highway, which prevented clear visibility of its lights to traffic traveling west on the highway, there can be no serious question as to the negligence of plaintiff which was the proximate cause of the collision.
Nor does the record support a finding of contributory negligence on the part of defendant, Peavy. The speed of 55 to 60 MPH at which Peavy was driving was not excessive; the factors above noted prevented observation of the obstruction caused by plaintiff’s car which would have permitted the avoidance of the collision, and upon perceiving the obstruction Peavy took every reasonable emergency action in the effort to avoid the accident.
The principal argument of counsel for plaintiff in brief before this court is based upon the contention of error on the part of the district court in concluding that plaintiff’s plea of last clear chance had the effect of admitting his own contributory negligence. We agree with counsel for plaintiff that the plea of last clear chance was asserted in the alternative. However, this point has no material bearing upon the determination of this case since it is obvious, under the facts set forth, that Peavy did not have an opportunity to avoid the collision after he discovered the obstruction of the highway caused by plaintiff’s negligently and illegally parked vehicle. For this reason the doctrine of last chance does not apply.
For the reasons assigned we find no error in the judgment appealed from, and, accordingly, the same is affirmed at appellant’s cost.