AYRÉS, Judge.
By this action plaintiff, in his individual capacity and as administrator of the estate of his minor daughter, Jane Hurley, seeks to recover, on his own behalf, property damage to his automobile and medical expenses incurred in the treatment of injuries received by his daughter, and, on her behalf, damages for personal injuries sustained in a motor vehicle collision of January 14, 1966.
From a judgment in favor of plaintiff in his individual capacity in the sum of $172, and as administrator of his minor’s estate in the sum of $500, defendant appealed.
The accident occurred at the intersection of the Mansfield Road and Hoyte Drive in the City of Shreveport. The former runs in a general north and south course; the latter, in a southeasterly direction, forming, at an acute angle, a T-intersection with the Mansfield Road, which is a 4-lane principal thoroughfare, with two lanes for traffic in each direction separated by a neutral ground approximately 30 feet in width. Hoyte Drive is only a 2-way street.
*481 Involved were plaintiff’s Chevrolet, driven by his daughter, proceeding in a southerly direction along the left, or inside, traffic lane of the Mansfield Road, and defendant’s Oldsmobile, driven by him, which entered the intersection from Hoyte Drive.
Coleman, in crossing the southbound traffic lanes of the Mansfield Road, intended to turn left and proceed north. Due to oncoming northbound traffic on the Mansfield Road, defendant brought his car to a stop in the crossover with the rear protruding from two to three feet into Miss Hurley’s lane of travel. Because of the presence of another vehicle to her right in the outer southbound traffic lane, Miss Hurley was unable to maneuver her car to her right to avoid striking the rear of defendant’s vehicle.
The accident occurred about 6:50 p.m. Though it was dark, cold, and raining, Miss Hurley saw defendant’s car as it approached and came to a near stop before entering the intersection and as it proceeded into and across the intersection, but she did not anticipate that it would stop partially in her lane of travel. When defendant’s vehicle stopped, it was too late for Miss Hurley to take effective, evasive action to prevent a collision. Despite defendant’s denial, the testimony of Miss Hurley and that of her brother who accompanied her, corroborated by that of the investigating officer and supported by physical evidence such as debris left on the road’s surface, establishes that defendant’s car, after entering the crossover, stopped partially in the roadway.
The statutory rule is that no one shall stop, park, or leave standing a vehicle, whether attended or not, upon the paved or main-traveled portion of a highway outside a business or residential district when it is practicable to stop, park, or leave such vehicle off such part of a highway.
LSA-R.S. 32:141.
Under a similar state of facts, this court held, in Carter v. Adkins, 189 So.2d 49 (1966—writs refused) that one who, on a rainy night, parked his automobile at an angle in such manner that it extended well into a traffic lane of a 4-lane divided highway, was guilty of negligence constituting the proximate cause of a collision when struck by a vehicle proceeding in that lane.
The conclusion is inescapable, in view of the foregoing statutory rule and jurisprudence, that defendant was negligent in stopping his vehicle in a crossover in such manner that it extended into a traffic lane of the highway at a time and under circumstances which made it impossible for the driver of the approaching vehicle to avoid a collision, particularly in view of the fact that there was adequate space in the crossover for the vehicle to have completely cleared the roadway.
As a result of the impact, Jane Hurley was thrown into the steering wheel, with her mouth striking the wheel in such a manner that her teeth cut entirely through her lip. Though the laceration has healed satisfactorily, it has left scar tissue inside her mouth which is apparent. Miss Hurley was examined by an orthopedist and a dentist. No permanent tooth damage was noted.
An award of $500 in Miss Hurley’s favor was not excessive. The award made to plaintiff in his individual capacity was for reimbursement of actual expenses incurred by him as a result of the accident. This included the sum of $100 of the collision damage to his automobile, which was absorbed by him under the deductible provisions of his insurance contract.
The judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.